UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARK BARDWELL, )
)
    Plaintiff, )
)
v. ) No. 3:11-CV-202
) (Phillips)
GEORGE DAVISON, III, CEO of Davison )
and Associates, and Pennsylvania's State )
District Attorney General's Office, )
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff Mark Bardwell, acting *pro se,* seeks to recover under 42 U.S.C. § 1983 for alleged wrongdoing by defendants pertaining to the nonpayment of royalties on his alleged invention. Currently before the court is the defendants' motion to dismiss. Because the applicable statutes of limitation bar plaintiff's claim, the defendants' motion to dismiss will be granted and this action dismissed.

### I. Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to

relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## II.  Analysis

The court finds that any civil rights or state tort law claims brought by plaintiff are barred by the applicable statutes of limitations. Plaintiff's complaint recites transactions that occurred in 1998, and his response to the pending motions alleges transactions and/or occurrences that occurred in March 2000. The instant complaint was filed on May 3, 2011. It is well-established that the statute of limitations in the State of Tennessee for filing a civil rights claim is one (1) year. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); Tenn. Code Ann. § 28-3-104(a)(3). In addition, even if the court were to construe plaintiff's complaint as pleading a fraud claim against the defendants, Tennessee's three (3) year statue of limitations as to claims of fraud, misrepresentation or deceit clearly bars the action. *Edwards v. Travelers, Inc.,* 563 F.2d 105 (6th Cir. 1977). Accordingly, because plaintiff's claims against the defendants are barred by the applicable statutes of limitations,

2

the motion to dismiss filed by George Davison, III, and Davison and Associates [Doc. 11] is **GRANTED**, whereby this action is **DISMISSED IN ITS ENTIRETY on the merits with prejudice.**[1]

Plaintiff's motion to transfer this matter to the United States District Court in Jackson, Tennessee [Doc. 27] is **DENIED as moot.**

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge

---

[1] The court notes that plaintiff has also sued the Pennsylvania State District Attorney General's Office, but never obtained service of process upon that office. Nevertheless, the court finds that plaintiff's claims against the Attorney General's Office would also be barred by the applicable statutes of limitations, so plaintiff's cause of action against it will be dismissed as well.