UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARK BARDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-CV-202 |
| ) | Judge Phillips |
| GEORGE DAVISON, III, CEO of ) | |
| DAVISON AND ASSOCIATES, and ) | |
| PENNSYLVANIA'S STATE ) | |
| DISTRICT ATTORNEY GENERAL'S ) | |
| OFFICE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Mark Bardwell, acting *pro se*, filed a civil action on May 2, 2011, asserting civil rights and fraud claims against George Davison III and Davison Design and Development, Inc.[1] Because plaintiff's claims were barred by the applicable statutes of limitations, this case was dismissed on March 31, 2012 [Docs. 29, 30].

Over four years later, plaintiff has now filed a motion to reopen this case [Doc. 32] on the grounds that he hired an attorney, Jeffery D. Johnson, on September 18, 2012, but that Mr. Johnson allowed this and other cases to close without alerting the court that he represented plaintiff. In support of his motion, plaintiff has attached a document which purports to be a bank document showing a September 18, 2012 payment to Mr. Johnson in

---

[1] The record reflects that plaintiff also named the Pennsylvania's State District Attorney General's Office as a defendant [Doc. 2], but never obtained service of process upon that defendant. Accordingly, the claims against the Attorney General's Office were dismissed as well.

the amount of $5,000 [Doc. 32 at p. 3] and a June 29, 2016 order from the Circuit Court for Washington County, Tennessee, dismissing a case filed by plaintiff against Mr. Johnson because neither party appeared for a hearing [*Id.* at p. 4].

The defendants have responded in opposition to this motion arguing that relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) is only available in exceptional circumstances and the negligence of counsel is an insufficient basis for granting such relief [Doc. 33 at pp. 2—4]. Moreover, defendants argue that Rule 60(b) motions must be filed "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and plaintiff's request, over four years later, is not reasonable [*Id.* at pp. 4—6].

Even if the Court accepts plaintiff's assertions as true, his hiring of an attorney six months after this case was dismissed provides him no grounds for relief. Moreover, plaintiff's motion more than four years later is untimely. Accordingly, plaintiff's motion to reopen this case [Doc. 32] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE
